IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                   No. CR 15-4304 JB

JASSIEL CASTANON-PEREZ,

    Defendant.

## UNSEALED[1] MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Appeal of Magistrate Judge's Release Order, filed August 28, 2017 (Doc. 130)("Appeal"). The Court held a hearing on August 31, 2017. The primary issue is whether Defendant Jassiel Castanon-Perez is a flight risk. The Court concludes that, in light of her limited ties to the United States, and the serious charges she faces, Castanon-Perez is a flight risk. The Court grants the Appeal and vacates the release order.

## FACTUAL BACKGROUND

In January, 2015, Castanon-Perez and Lourdes Romero-Castanon drove from Chihuahua, Mexico, into the United States of America to Albuquerque, New Mexico, with over nine-hundred grams of methamphetamine hidden in the vehicle's oil pan. See Plea Agreement ¶ 10, at 4, filed September 27, 2017 (Doc. 161). In Albuquerque, they met with undercover DEA agents at a storage unit, where the undercover agents removed the methamphetamine from the oil

---

[1] In its Sealed Memorandum Opinion and Order, filed April 6, 2018 (Doc. 196)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. Neither party has contacted the Court nor made any filings within CM/ECF to propose redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

pan and paid Romero-Castanon $1,500.00.  See Plea Agreement ¶ 11, at 4; Appeal at 2-7. Castanon-Perez concealed the $1,500.00 in her purse when she and Romero-Castanon later crossed the border into Mexico.  See Plea Agreement ¶ 12, at 4.

## PROCEDURAL BACKGROUND

Castanon-Perez was arrested on February 27, 2017.  See Appeal at 3.  In August, 2017, Castanon-Perez asked the Court to release her from custody.  See Defendant Jassiel Castanon-Perez's Motion to Review Detention and Set Conditions of Release at 1, filed August 7, 2017 (Doc. 110).  At a hearing on August 25, 2017, the Honorable Karen B. Molzen, United States Magistrate Judge, granted Castanon-Perez' request, but stayed the ruling until close of business on August 28, 2017, to allow the United States to appeal the decision to the Court.  See Appeal at 4; Clerk's Minutes (dated August 25, 2017), filed August 25, 2017 (Doc. 124).[2]

**1.     The Appeal.**

In the Appeal, the United States argues that, when there is probable cause to believe that a defendant committed a drug-related crime for which the maximum imprisonment term is ten years or more, there is a presumption that no combination of release conditions can reasonably assure the defendant's future appearance in court.  See Appeal at 4 (citing 18 U.S.C. § 3142(e)). According to the United States, the § 3142(e) presumption applies to Castanon-Perez, because the Indictment shows that there is probable cause that Castanon-Perez committed a drug offense

---

[2]In September, 2017, Castanon-Perez pled guilty to misprision of a felony, in violation of 18 U.S.C. § 4.  See Plea Agreement at 2.  In the Plea Agreement, Castanon-Perez admitted that she knew that the $1,500.00 she concealed in her purse was from a drug transaction, but states that she "only learned of this illegal drug transaction after its completion." Plea Agreement ¶ 12, at 4.

for which the maximum imprisonment term is 10 years or more.³  See Appeal at 5.  The United States argues that Castanon-Perez has not overcome this presumption by stating that she has traveled to the United States in the past, and has a child and an aunt who are United States citizens.  The United States identifies several factors indicating that Castanon-Perez is a fight risk:

> Castanon is not a U.S. Citizen and does not have permission to remain in the United States.  Castanon does not live in the United States; does not own a home here; does not work here; does not possess any domestically-issued identification that would demonstrate ties to the community; and has no traceable assets that the Court could restrain in order to assure her appearance.  Castanon is a citizen of Mexico with easy access to that nation.  Her presence in the United States is as fleeting as that of any tourist, with one exception: she faces a prison term of ten years to life if convicted on the present charges, and her trial is only weeks away.

Appeal at 6.  The United States also contends that there is an "immigration hold" on Castanon-Perez such that she is subject to be processed for removal without appearing before an immigration judge.  Appeal at 5-7.

2.  **The Hearing**.

The Court held a hearing on August 31, 2017.  See Draft Transcript, taken August 31, 2017 ("Tr.").⁴  The United States stated that it believed that Castanon-Perez is a flight risk and not a danger to the community.  See Tr. at 5:8-15 (Court, Torgoley).  The United States argued that Castanon-Perez is a flight risk, because she was born and raised in Mexico and has little connection to the United States.  See Tr. at 6:11-23 (Torgoley).  The United States asserted that, given the charges alleged against Castanon-Perez, she must overcome a presumption that there is no combination of release conditions sufficient to ensure that she will not flee.  See Tr. at

---

³The Indictment alleges that Castanon-Perez conspired to distribute and successfully distributed 50 grams and more of methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  See Sealed Indictment at 1-2, 7, filed December 2, 2015 (Doc. 2).

⁴The Court's citations to the hearing's transcript refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

6:24-7:9 (Torgoley). The United States contended that it would introduce evidence at trial that will show that Castanon-Perez took an active and knowing role in bringing nine-hundred grams of methamphetamine over the border from Mexico. See Tr. at 7:11-10:3 (Torgoley).

Castanon-Perez then argued that she is not a flight risk, because she expects to be acquitted at trial and hopes to have an opportunity to continue to visit the United States in the future. See Tr. at 12:2-13 (Porter). Castanon-Perez asserted that she returned to the United States several times between the date of the incident for which she is indicted and the date of her arrest, which, according to Castanon-Perez, shows a "lack of consciousness of guilt." Tr. at 12:15-20 (Porter). Castanon-Perez then argued that the evidence shows that she was not a part of the drug transaction's planning or execution. See Tr. at 14:12-20 (Porter). She also asserted that she has many meaningful ties to the United States: her son is a United States citizen; her son's father and grandparents live in the United States; and her aunt lives in the United States. See Tr. at 14:22-15:9 (Porter).

The United States countered that Castanon-Perez' connections to Mexico are far stronger than her connections to the United States:

> The Government is today asking the Court to consider her significant ties to another nation, the nation three hours south of here, where she remains a citizen, a resident, and a student, and consider that as evidence of a flight risk. Certainly, that's enough for preponderance of the evidence. That is not a high standard, Your Honor. That's a low one. And I think the evidence here points to the fact that combining her ties to the Republic of Mexico, not to mention the seriousness of these charges -- what we haven't addressed is what happens if she isn't acquitted. If convicted, she faces 10 years to life in prison. That's a very significant sentence, Judge. Ten years, to her entire life in prison for a conviction. Certainly, that gives any individual from a foreign country ample and the abundant incentive to leave and just go back to that country.

Tr. at 23:10-24:5 (Torgoley).

Castanon-Perez responded that, although the United States has described general circumstances that might lead a person to flee, the United States has not identified anything about why she, in particular, is a flight risk. See Tr. at 24:17-25:9 (Porter). Castanon-Perez asserted that she has no criminal history, and the United States has not offered any evidence that she is planning to flee. See Tr. at 24:24-25:7 (Porter).

The Court stated that it believed that Castanon-Perez has not met her burden of producing evidence to rebut the presumption that there is no combination of release conditions adequate to assure that she would not flee. See Tr. at 27:9-28:3 (Court). The Court concluded: "I'm going to grant the Government's appeal [and] vacate Judge Molzen's order of release." Tr. 28:1-4 (Court).

## **LAW REGARDING PRETRIAL DETENTION**

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, a court may detain a defendant pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence. See 18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003). "The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2)(alteration added). See United States v. Hernandez, 778 F. Supp. 2d 1211, 1219-28 (D.N.M. 2011)(Browning, J.)(holding that the Confrontation Clause did not apply to the defendant's pre-trial decision hearing). To determine whether pretrial detention is warranted, the judicial officer must consider the statutory factors that 18 U.S.C. § 3142(g) lists:

(g) **Factors to be considered.** -- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

When a defendant is charged with certain crimes, however, a presumption arises that the defendant is a flight risk and a danger to the community. See 18 U.S.C. § 3142(e)(3); United States v. Villapudua–Quintero, 308 F. App'x 272, 273 (10th Cir. 2009)(unpublished)[5](per

---

[5]United States v. Villapudua–Quintero is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are

curiam)(recognizing that 18 U.S.C. § 3142(e) establishes a rebuttable presumption favoring detention for, among other defendants, certain alleged drug offenders). 18 U.S.C. § 3142(e)(3)(A) provides that a presumption of detention arises when "there is probable cause to believe that the person committed" certain drug offenses, specifically "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46." 18 U.S.C. § 3142(e)(3)(A). The United States Court of Appeals for the Tenth Circuit has explained that "[t]he grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more." United States v. Silva, 7 F.3d 1046, 1046 (10th Cir. 1993). Accord United States v. Holguin, 791 F. Supp. 2d 1082, 1088 (D.N.M. 2011)(Browning, J.). "'Once the presumption is invoked, the burden of production shifts to the defendant.'" United States v. Holguin, 791 F. Supp. 2d at 1087 (quoting United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991)).

To determine whether there are conditions that will reasonably assure the defendant's appearance and the community's safety, a court must consider: (i) the nature and circumstances of the crime charged; (ii) the weight of the evidence against the defendant; (iii) the defendant's history and characteristics, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct; and (iv) the nature and seriousness of the danger to the community or to an individual that release would pose. See 18 U.S.C. § 3142(g).

---

not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Villapudua–Quintero has persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

"Should the defendant satisfy his or her burden of production under 18 U.S.C. § 3142(f), the United States must then show by a preponderance of the evidence that the defendant presents a risk of flight, or by clear-and-convincing evidence that the defendant presents a danger to the community."  United States v. Holguin, 791 F.Supp.2d at 1087 (citing United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Stricklin, 932 F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.")).  Notably, however, even if the defendant meets his or her burden of production under 18 U.S.C. § 3142(f), "the presumption remains a factor for consideration by the district court in determining whether to release or detain." United States v. Stricklin, 932 F.2d at 1355.  Accord United States v. Mercedes, 254 F.3d at 436; United States v. Ramos, No. CR 15-3940 JB, 2016 WL 9021831, at *13-14 (D.N.M. Dec. 30, 2016)(Browning, J.).

### LAW REGARDING THE DISTRICT COURT'S STANDARD OF REVIEW OF A MAGISTRATE JUDGE'S DETENTION ORDER OR RELEASE ORDER

Section 3145(a) of Title 18 of the United States Code provides that a "court having original jurisdiction over the offense" may review a Magistrate Judge's detention order or release order.  18 U.S.C. § 3145(a)-(b).  "The standard of review for the district court's review of a Magistrate Judge's detention or release order under § 3145(a) is de novo." United States v. Cisneros, 328 F.3d at 616 n.1.  "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985)(stating that a district court's review of a Magistrate Judge's order setting bond is de novo); United States v. Ramos, 2016 WL 9021831, at *15.

**ANALYSIS**

The Court grants the Appeal and revokes Magistrate Judge Molzen's release order. "The standard of review for the district court's review of a Magistrate Judge's detention or release order under § 3145(a) is de novo." United States v. Cisneros, 328 F.3d at 616 n.1. Conducting a de novo review, the Court agrees with the United States that Castanon-Perez is a flight risk and that there is no combination of release conditions that would ensure her appearance. First, there is a presumption that Castanon-Perez is a flight risk, because there is probable cause that she committed a drug offense for which the Controlled Substances Act sets a maximum imprisonment term of 10 years or more. See 18 U.S.C. § 3142(e)(3)(C). The Indictment alleges that Castanon-Perez conspired to distribute and successfully distributed 50 grams and more of methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Sealed Indictment at 1-2, 7, filed December 2, 2015 (Doc. 2). Violating § 841(a)(1) calls for a minimum 10 year imprisonment sentence. See 21 U.S.C. § 841(b)(1)(A). The Indictment itself is enough to establish probable cause that Castanon-Perez violated § 841(a)(1). See United States v. Silva, 7 F.3d at 1046 (stating that a grand jury indictment "is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more"). Once the United States invoked the presumption, the burden shifted Castanon-Perez to produce evidence that he or she is not a flight risk or a danger to the community. See United States v. Holguin, 791 F.Supp.2d at 1087.

Castanon-Perez has produced evidence supporting her position, but the United States has, nonetheless, met its burden to show, by a preponderance of the evidence, that Castanon-Perez is a flight risk. Castanon-Perez argues that she is not a flight risk, because she has meaningful ties to the United States and has no criminal history. See Tr. at 12:2-15:9 (Porter). Her ties to the

United States are not strong enough to assure the Court she would not, given the chance, leave the country before trial. The Court is not persuaded that having an aunt that lives in the United States, having a child who is a United States citizen, and expressing an interest in continuing to visit the United States in the future is sufficient to ensure her appearance in court. These connections will not hold much of a grip onto Castanon-Perez. See United States v. Barela, No. CR 06-2369, 2007 WL 2219456, at *6 (D.N.M. May 15, 2007)(Browning, J.)(concluding that a defendant is not a flight risk, because, in part, the defendant lives in the same city as her parents and sister, and has lived there for over twenty years).

Even if Castanon-Perez met her burden of production to show that there are release conditions that will reasonably assure her appearance in court, the United States has shouldered its burden of persuasion to prove, by a preponderance of the evidence, that Castanon-Perez is a serious flight risk. Castanon-Perez has few ties to this country but many meaningful ties to Mexico. Mexico is where she was raised, where she lived before being apprehended, where she has worked, where she went to school, and where her family lives. The charges against her are serious, and she faces considerable time in prison. The Mexican border, meanwhile, is just a few hours south by car. The Court, therefore, agrees with the United States that there is no combination of release conditions that would ensure her appearance. In the end, it is very difficult for a non-citizen to persuade the Court that he or she is not a flight risk. It is one thing to be a United States citizen but not a New Mexico resident. Mexico citizens, however, have a high bar to meet.

**IT IS ORDERED** that: (i) the United States' Appeal of Magistrate Judge's Release Order, filed August 28, 2017 (Doc. 130), is granted; and (ii) Magistrate Judge Molzen's release order is vacated.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Jennifer M. Rozzoni
Shaheen P. Torgoley
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*


Susan M. Porter
Albuquerque New Mexico

   *Attorney for the Defendant*